UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| AARON SAUNDERS, | |
| Petitioner, | Civil Action No. 09-282-JBC |
| v. | |
| DEBORAH HICKEY, | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Aaron Saunders, proceeding *in forma pauperis* on his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, is incarcerated at the Federal Medical Center in Lexington, Kentucky. The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

**I.   Background**

On September 14, 2007, Saunders was indicted by a federal grand jury in the Middle District of Pennsylvania on conspiracy and drug charges along with over a dozen other individuals. On November 9, 2007, Saunders's counsel filed 13 motions seeking

additional information or other actions, including disclosure of *Brady* material, inspection of jury notes, a Bill of Particulars, Section 404(b) materials, dismissal of the indictment and severance of the trials of the separate defendants. On January 8, 2008, the United States moved to amend Count 7 of the indictment, to which Saunders's counsel expressed no objection. The Court granted the motion the next day. The Court denied all but one unopposed discovery motion on April 28, 2008.

On January 29, 2009, Saunders, acting *pro se*, asked the Court to appoint new counsel, and by March 10, 2009, letter, to dismiss the charges against him. The Court subsequently granted counsel's motion for a psychiatric examination of Saunders to determine his competency to stand trial. *United States v. Saunders*, 07-CR-341, Middle District of Pennsylvania [R. 1, 91-104, 148, 153, 222, 374, 412, 4113, 416 therein].

Saunders filed his petition for a writ of habeas corpus in this Court on August 17, 2009. [R. 2] Saunders contends that the indictment entered by the grand jury in his criminal trial is constitutionally flawed because the prosecuting attorney obtained it by providing the grand jury with information relating to his criminal past that is inaccurate or irrelevant. Saunders also contends that the indictment was impermissibly altered in violation of his due process rights under the Fifth Amendment to the Constitution of the United States. Saunders indicates that he tried to raise these issues before the trial court after his appointed counsel refused to raise them, and when that effort failed, he raised these issues in two habeas corpus petitions filed in the Middle District of Pennsylvania. Saunders also challenges the sufficiency of his counsel's representation as constitutionally insufficient; his continued incarceration during the pendency of the criminal proceedings as a violation of the Bail Reform Act; and the delay in having his case tried as a violation

of the Speedy Trial Act.

**II.    Discussion**

As Saunders readily acknowledges, he has twice before sought habeas relief in the Pennsylvania federal courts based upon the same grounds articulated in his current petition.  On August 28, 2008, Saunders filed a *pro se* petition for a writ of habeas corpus in which he challenged his detention without bail, his counsel's representation of him in his criminal case, the trial court's refusal to allow him to review the grand jury minutes, the prosecution's failure to comply with the Speedy Trial Act, and the sufficiency of the evidence to convict him of the crimes he was charged with committing.  On November 5, 2008, the court denied the petition, noting that while a federal court's habeas jurisdiction extends "to a petitioner who has not yet been convicted and is being detained prior to trial," 28 U.S.C. § 2241(c)(1), "the appropriate vehicle [for a pretrial detainee to contest] violations of his constitutional rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. §3145(b), (c), and not a habeas corpus petition."  *Saunders v. Donate*, 08-CV-1618, Middle District of Pennsylvania [R. 8 therein, *citing Whitmer v. Levi*, 276 Fed.Appx. 217, 219 (3d Cir. 2008).]

Undeterred, Saunders again sought habeas relief in a *pro se* petition filed with the same court on April 21, 2009, in which he challenged the validity of the amended indictment.  The Court again denied the petition, noting the Supreme Court's admonition that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."  *Braden v. 30 Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973); *Stolt-Nielson, S.A., v. United States*, 442 F.3d 177, 184 (3d Cir. 2006) (court should

not entertain habeas claims which are defenses to pending federal criminal charges). *Saunders v. Donate*, 09-CV-0748, Middle District of Pennsylvania [R. 1, 5 therein].

While Saunders now seeks relief in a different forum, the law in the Sixth Circuit is functionally identical. While Section 2241 "applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against [the petitioner]," *Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir.1981), federal pretrial detainees generally must exhaust all other available avenues for relief, including pretrial motions and an appeal of any adverse judgment on the merits, before seeking relief in habeas. *Caldwell v. O'Malley*, 2008 WL 696608, \*\*2 (N.D. Ohio 2008) (*citing Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988)); *Sandles v. Hemingway*, 2001 WL 1539625, \*\*1 (6th Cir. 2001) ("Concerning the indictment claim, we conclude that the district court properly dismissed the claim because it would be dispositive of the underlying criminal charges and must be exhausted at trial and on appeal before habeas corpus relief is available."). The Court will therefore deny Saunders's petition without prejudice.

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Saunders's petition for a writ of habeas corpus [R. 2] is **DENIED.**

2. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

Signed on  October 13, 2009

*Jennifer B. Coffman*

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY